## MELTON v. DAVIDSON.

### (*Knoxville.*   October 28th, 1887.)

DESCENT. *Brothers and sisters. After-born. Code, ₹ 3269 (M. & V.), construed.*

Brothers and sisters of an intestate, dying without issue, do not inherit his realty, unless they were born either *before* his death, or *afterwards within the period of gestation as fixed by law*—to wit: ten calendar months.

Code cited: ₹ 3269 (M. & V.) ; ₹ 2420 (T. & S.).

Case cited and approved: Grimes *v.* Orrand, 2 Heis., 298.

Case cited and overruled: Baker *v.* Heiskell, 1 Cold., 642.

---

#### FROM MORGAN.

---

Appeal from Chancery Court of Morgan County. H. R. GIBSON, Ch.

SEVIER & WELCKER for Complainant.

L. A. GRATZ and S. N. VANCE for Respondents.

SNODGRASS, J. This is a bill for partition between complainant and defendants, as they may appear to be entitled upon the following facts:

Complainant and J. W. Keith bought the land in controversy, and took a deed therefor, on the 5th of September, 1870, as tenants in common. They took possession of the land and held it until

Keith died, November 7th, 1870. He left no will and no issue, and but one heir, a sister, the defendant, S. J. Davidson; and she and complainant have ever since had possession of the land, she claiming an undivided interest in it as the sole heir of her brother, J. W. Keith. In 1881 the father of J. W. Keith married again, and the defendants, Minnie and Iola, are his daughters of the last wife, and of course the half sisters of J. W. Keith, deceased, and defendant, S. J. Davidson. They were born respectively May 5th, 1883, and February 2d, 1885.

The question is, do they inherit with Mrs. Davidson the land in controversy as heirs of their deceased half brother, J. W. Keith. The Chancellor so held, and defendants, Davidson and wife, appealed and assign errors.

Section 3269 of the Code provides that the land acquired by an intestate who dies without issue shall be inherited "by his brothers and sisters, of the whole and half blood, born before his death or afterwards, to be divided amongst them equally. And if any such brother or sister died in the intestate's lifetime leaving issue, such issue shall represent their deceased parent, and be entitled to the same part of the estate of the uncle or aunt as their father or mother would have been entitled to if living. In default of brothers and sisters and their issue, the land shall be inherited by the father and mother of the intestate as tenants in common," etc.

This statute was construed in *Baker* v. *Heiskell*, 1 Cold., 642, to provide for the inheritance of such after-born half brothers and sisters, while a different rule was applied in *Grimes* v. *Orrand*, 2 Heis., 298, in which, without noticing either the statute or the 1st Coldwell case, the Court said that after-born brothers and sisters, unless born within the period fixed by law (ten calendar months after death of the intestate), do not inherit the land of a deceased brother or sister.

We think this last construction a sound one, and adhere to it. The law favors the vesting of estates, and the purpose of the Legislature would have to be so manifest as to admit of no other construction before it should be given one which leaves the title to an estate in abeyance and uncertainty for so long a period as the possibility of issue to the surviving parent or parents of an intestate child, a period which might vary from one year to fifty, as the age and condition of the parents might determine.

In the present case the intestate died in 1870. He left but one sister, his sole heir, and the half sisters were not born until thirteen and fifteen years afterward. For this period of thirteen years the sister, Mrs. Davidson, had been sole heir. If her estate was subject to be divested by the birth of children to the father, the land could neither have been safely alienated or improved. She could not afford to improve, and purchasers would not dare to buy, and in this state of embarrassment

must wait the appearance of other participants in the estate, or bide the time when they could not appear, and she could ascertain as a presumptive certainty that she was, and was to be, the owner.

This, we think, was not contemplated, and, we hold, shall not be allowed by construction.

In the case referred to of *Baker* v. *Heiskell,* which disposed of the question in a brief paragraph, and apparently upon concession of counsel, Judge Caruthers said: "It seems to be admitted that the conclusion stated is the law, unless it is changed by the Act of 1842, Chapter 169, Section 2. That was only intended to exclude a child of a widow, born ten months subsequent to the death of her husband, from any claim to the husband's estate, upon the ground that such child could not be his according to the course of nature."

He then cites Act of 1842, Chapter 169, from Nicholson's Supplement.

We have examined the original act. It is not Chapter 169—which does not relate to the question of descent—but Chapter 171, and Section 2 of this chapter, which is the only one to which reference could have been had, does not refer to the "widow" alone, but excludes this idea of restriction by the very terms employed, viz., "heir, child, or issue." The language of the section is, "That when an estate is vested by descent, the same shall not be divested by the birth of an heir, a child, or issue, unless such heir, child, or issue be

Melton *v*. Davidson.

born within ten calendar months next after the death of the intestate." Acts 1842, page 193.

Had the object been to refer alone to the child of the widow, either of the two last designations, "child or issue," would have been sufficient to declare the purpose, and there could have been no use in multiplying terms not all synonymous. The use of the word *heir*, added to both the others, clearly implies a different meaning than that given it in the opinion in that case, and shows a purpose to prevent the divesture of a vested estate upon the birth of any *heir* who, in a qualified sense, could not be said to have a being actual or *in ventre sa mere*, at the time of the death of the intestate.

The decree directing partition of defendant's interest between Mrs. Davidson and the minors, Minnie and Iola, will therefore be reversed, and partition made between complainant and defendant, Sarah J. Davidson.

The cause will be remanded for that purpose and further proceedings.

The costs of the Court below, not having been adjudged by the Chancellor, will be left for future disposition by him; costs of this Court will be paid by defendants, Minnie and Iola Keith.